IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HENRY FLOYD LOVE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-1163-M |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

On October 22, 2012 Petitioner, a state prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Larceny entered against him pursuant to his guilty plea in the District Court of Oklahoma County, Case No. CF-1994-5594. Respondent has moved to dismiss the Petition for lack of jurisdiction, and Petitioner has responded to the motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be granted and the Petition be dismissed for lack of jurisdiction.

In ground one of the Petition, Petitioner asserts that "[j]udicial misconduct" occurred because the "Judge failed to sentence petitioner to deferred sentence as agreed upon [and]

was the understanding of the agreement for Petitioner to plead guilty to said crime." Petition, at 5. In ground two, Petitioner asserts that he was denied effective assistance of counsel because his defense counsel "failed to ensure proper plea agreement and redirection of court of agreement to be deferred not suspended." Petition, at 6. In his third ground for habeas relief, Petitioner contends that he was denied due process because the court, his defense counsel and the prosecutor failed to ensure that he received a "deferred sentence" and that he "never got a chance at suspended sentence" when his sentence was "revoked on 6/11/98." Petition, at 8. In ground four, Petitioner contends that a "[s]entence was never issued for burglary in CF-96-5759 yet that case was dismissed and misdemeanor [breaking and entering] filed in CF-98-2266." Petition, at 11. In ground five, Petitioner contends that he filed an application for post-conviction relief in the District Court of Oklahoma County in November 1998 but was "[n]ever replied to as of this filing." Petition, at 13. As relief, Petitioner asks the Court "to reverse and expunge record of deferred sentence." Petition, at 15. Petitioner states in the Petition that he is "currently serving" a sentence for a conviction entered in the District Court of Oklahoma County, Case No. CF-2004-6528.

Petitioner has attached to the Petition a copy of a Judgment and Sentence entered in State of Oklahoma v. Henry Floyd Love, District Court of Oklahoma County, Case No. CF-1994-5594, reflecting that Petitioner was sentenced on December 22, 1995, following his plea of guilty to the offense of Larceny from the Person to a 5-year term of imprisonment with four years of the term suspended. Petitioner has also attached to the Petition a copy of a Plea of Guilty Summary of Facts reflecting that in the same case Petitioner entered a plea

of guilty on January 11, 1998, to an application to revoke the suspended sentence, and Petitioner was sentenced consistent with a plea agreement to serve a four-year term of imprisonment, with the sentence to run concurrently with his sentences in Case Nos. CF-1996-5759 and CF-1998-2266.

Petitioner states that he did not appeal the conviction and/or sentence entered in Case No. CF-1994-5594 because his attorney advised him he would "get more time" if he sought to withdraw his plea. Petition, at 2. Petitioner states that he sought post-conviction relief in the Oklahoma Court of Criminal Appeals ("OCCA") in Case No. PC-12-870 by filing a "motion for expungement/PCR" and in Case No. MA-12-672. However, in the mandamus action filed by Petitioner in the OCCA, <u>Henry Love, Jr. v. State of Oklahoma and Oklahoma County District Court</u>, Case No. MA-12-672, Petitioner only sought the OCCA's directive to the state court to rule on a post-conviction application "still in Dist. Court since 11-17-98." Petition, att. 4. It did not assert a challenge to his conviction or sentence in Case No. CF-1994-5594. The mandamus petition was denied by the OCCA. Petition, att. 8.

In <u>Love v. State of Oklahoma and Oklahoma County District Court</u>, Case No. PC-2012-870, the OCCA entered an Order Declining Jurisdiction and Dismissing Petition on October 11, 2012. Petition, att. 7. In this Order, the OCCA found that Petitioner's pleading sought only "expungement" and that the pleading was deficient. The court dismissed the action because Petitioner had provided no "information as to whether there has been any recent action in the District Court that might give Petitioner, at the current time, grounds for seeking relief from this Court." <u>Id.</u> at 2.

In Respondent's Motion to Dismiss, Respondent asserts that the Petition should be dismissed because habeas relief is barred by the statute of limitations. However, in Respondent's Brief in Support of the Motion to Dismiss, Respondent contends only that the Petition should be dismissed because Petitioner is no longer in custody under the challenged conviction and the Court therefore lacks jurisdiction over the matter.

As supporting evidence, Respondent provides a copy of Petitioner's offender record maintained by the Oklahoma Department of Corrections ("ODOC").  This record, which is available to the public, shows that Petitioner discharged his sentence in Case No. CF-1994-5594 on July 12, 2004. Brief in Support, Ex. 2.  Petitioner is currently incarcerated serving a 25-year term of imprisonment for his Oklahoma County conviction of the offense of Lewd Acts with a Child Under 16 after former conviction of a felony, Case No. CF-2004-6528. Id.

In Petitioner's response to the Motion to Dismiss, Petitioner contends that his previous conviction in Case No. CF-1994-5594 was improperly used to enhance the sentence he is currently serving for his conviction in Case No. CF-2004-6528.  Petitioner asserts that he is challenging "the current incarceration" so that he may obtain a reduction of the sentence he is currently serving. Response, at 2.

Federal district courts have jurisdiction to consider a 28 U.S.C. § 2254 habeas petition "only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. §2241(c)(3))(emphasis in original).  See also 28 U.S.C. § 2254(a). A habeas petitioner must therefore be "in custody" under the conviction or sentence the petitioner is challenging at the

time the petition is filed. Maleng, 490 U.S. at 490-491.

> Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 403-404 (2001)

Petitioner admits he has completed serving the sentence entered for his conviction in Case No. CF-94-5594. However, Petitioner contends that he is "in custody" for purposes of his habeas Petition because the conviction in Case No. CF-1994-5594 was used to enhance the sentence he is now serving. In very limited circumstances, a prior conviction can be reviewed under § 2254 "where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. Petitioner does not allege that he had no counsel or was not appointed counsel in the criminal proceeding that led to his conviction in Case No. CF-94-5594. See Anderson-Bey v. Zavaras, 641 F.3d 445, 453 n. 2 (10th Cir. 2011)("As we read Lackawanna, the exception to the general rule applies only when the defendant had no counsel in the earlier state proceeding."). This exception recognized in Lackawanna does not apply.

Relying on the second exception to the general rule recognized in Lackawanna, Petitioner contends that he is "in custody" because he was "denied a direct appeal through no fault of his own" and he has no other remedy for review of his claims. Response, at 4. In

Lackawanna, the Supreme Court recognized that a prisoner may challenge an expired state conviction in the "rare case" where the petitioner cannot be faulted for failing to obtain timely review. Lackawanna, 532 U.S. at 403-405. This exception applies in the rare circumstances in which, for example, "a state court . . . without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it" or when the defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 405.

Petitioner contends that just such a rare instance is present here because he filed an application for post-conviction relief in Case No. CF-1994-5594 in the district court on November 17, 1998, and the district court never ruled on the application.[1] Petitioner does not describe the claims asserted in that post-conviction application or describe any efforts he made to alert the district court that his post-conviction application had not been resolved. He admits that he did not seek mandamus relief in the OCCA "to force [the district] court to rule on" his post-conviction application until thirteen years later. Response, at 4. Petitioner's circumstances do not reflect that he was faultless for failing to timely pursue his federal claims. Petitioner does not present any evidence of actual innocence. Therefore, the exceptions recognized in Lackawanna are not applicable.

---

[1] Petitioner asserts in his Petition that he did not appeal the conviction and sentence in Case No. CF-1994-5594 because his attorney advised him that if he moved to withdraw the plea he would "get more time." Petitioner does not state when this advice was given, but the allegation appears to relate to the initial plea and sentencing, not to the revocation plea and sentence. See Petition, at 5. Petitioner provides no reason why he did not pursue an appeal following the revocation of his sentence, although the documentary evidence presented by Petitioner shows he was advised by the trial court of his rights to appeal at the revocation proceeding. Petition, att. 1.

In his Petition, Petitioner lists the 1995 conviction as the judgment of conviction under attack. He does not allege that his current sentence was enhanced by any prior conviction. Nor has Petitioner asserted any claims in the Petition as to his current conviction or sentence. Rather, his Petition is framed as one challenging ONLY his prior, fully-expired conviction. Petitioner has not included in the Petition any information concerning his current conviction or asserted that he has exhausted state court remedies with respect to any claims related to his current conviction. All of his grounds for relief are directed solely to his prior conviction. In his responsive pleading, Petitioner addresses the exhaustion issue and the issue of the timeliness of his Petition only as to his prior conviction. Petitioner has simply not asserted any basis for the Court to conclude that he is indeed challenging his current conviction and sentence.

Petitioner contends in his responsive pleading only that he has "constantly fought to have Case No. CF-1194 [sic]-5594 expunged from his criminal history" and that "he has been challenging the legitimacy of the prior conviction since 1998." Response, at 2, 3. Because the Court lacks jurisdiction to consider Petitioner's challenge to his fully-expired conviction, Respondent's Motion to Dismiss should be granted and the Petition should be dismissed on this basis.

Furthermore, even if Petitioner could be found to be "in custody" in satisfaction of 28 U.S.C. § 2254(a), Petitioner has not exhausted state remedies concerning the issues raised in the Petition. "As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." Lackawanna, 532

U.S. at 404. In order to satisfy the exhaustion requirement , "[t]he substance of a habeas petitioner's federal claims must be fairly presented to the state courts before they can be raised in federal court . . ., and petitioner bears the burden of demonstrating that he has exhausted his available state remedies." Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994).

Petitioner appealed the conviction entered in Case No. CF-2004-6528 to the OCCA, and Petitioner did not assert any challenge to the use of his prior conviction in Case No. CF-94-5594 to enhance the sentence he is serving for his current conviction. In his direct appeal, Petitioner asserted that his Fifth Amendment rights were violated by the trial court's admission of his custodial statements taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966), that he was denied effective assistance of counsel because his defense counsel failed to object to the admission of a videotaped statement, that his rights of confrontation were violated at the preliminary hearing, and that he was denied effective assistance of counsel due to counsel's failure to assert his confrontational rights at the preliminary hearing. Brief in Support (Doc. # 14), Ex. 3 (Love v. State, Case No. F-2006-304 (Okla. Crim. App. Aug. 15, 2007)(summary opinion)). The OCCA rejected these claims and affirmed the conviction and sentence. Id. Petitioner has not asserted that he exhausted the claims asserted in the Petition.

Moreover, Petitioner is not entitled to attack his prior conviction because his Petition is untimely. See 28 U.S.C. § 2244(d)(1)(providing a one-year statute of limitations for state prisoners' § 2254 habeas petitions challenging state convictions). Petitioner filed the instant Petition 15 years after his revocation sentence was entered in Case No. CF-1994-5594. Even

8

if the Petition is construed to assert a challenge to his enhanced sentence in Case No. CF-2004-6528, the conviction and sentence in that case were affirmed by the OCCA in 2007, or over five years ago.  Petitioner has provided no legitimate, specific reasons for extending the limitations period to the date of filing through equitable tolling.  Accordingly, the Petition should be dismissed for lack of jurisdiction or, alternatively, on the ground that it is not timely.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 13) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction or, alternatively, as untimely.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   January 30th , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __10th__ day of __January__, 2013.

_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE